NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENDRA S. VANDERLEE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3203

---

Petition for review of the Merit Systems Protection Board in No. CH-0353-06-0658-1-2.

---

Decided: March 6, 2015

---

KENDRA S. VANDERLEE, Grand Haven, MI, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Kendra S. VanderLee appeals the July 14, 2014, decision of the Merit Systems Protection Board ("Board") dismissing her petition for review of her restoration appeal for lack of jurisdiction. *See VanderLee v. U.S. Postal Serv.*, No. CH-0353-0658-1-2 (M.S.P.B. July 14, 2014) ("Final Order"). For the reasons set forth below, this court affirms.

## BACKGROUND

Ms. VanderLee was a "Rural Carrier" with the United States Postal Service ("Agency") when, in 1998, she "suffered a compensable injury" and consequently missed work. Final Order at 2. Because of her injury, the Agency reassigned her to a clerk position on September 9, 2000. In 2004, Ms. VanderLee's doctor released her from all medical restrictions and she requested to be placed on the priority reemployment[1] list for a Rural Carrier position. After the Agency denied her request, her union filed a grievance and Ms. VanderLee simultaneously filed an "instant restoration appeal"[2] to the Board.

Pursuant to the union grievance, and prior to arbitration or a settlement agreement, the parties entered into a stipulation on December 15, 2006 ("2006 Stipulation"), to

---

[1] "An employee who separated because of a compensable injury and whose full recovery takes longer than 1 year . . . is entitled to priority consideration, agencywide, for restoration. . . . [C]onsideration is accorded by entering the individual on the [A]gency's reemployment priority list[.]" 5 C.F.R. § 353.301 (2013).

[2] Ms. VanderLee had the right to "appeal a violation of []her restoration rights to the Merit Systems Protection Board under the provisions of the Board's regulations." 5 C.F.R. § 302.501 (2013).

have Ms. VanderLee "withdraw her [B]oard appeal so that the case could proceed in a single forum." *Id.* This withdrawal was not absolute—"if the *Agency refused to arbitrate*, the appellant reserved her right to refile her Board appeal within 30 days of receiving notice of the refusal." *Id.* (emphasis added). As a result of the 2006 Stipulation, an administrative judge ("AJ") dismissed the Board appeal on December 18, 2006. Ms. VanderLee claims she entered into the 2006 Stipulation because the Agency incorrectly told her that she could not continue both suits simultaneously and she was required to choose between the union grievance and the Board appeal. *Id.* at 4.

The union and the Agency settled Ms. VanderLee's grievance on June 5, 2008, without entering arbitration ("the 2008 Settlement"). Ms. VanderLee claims the Union settled without her consent and that she learned about it several years later, on April 5, 2013. Ms. VanderLee refiled her appeal on April 9, 2013. On July 26, 2013, the AJ entered an Initial Decision, and dismissed the appeal for lack of jurisdiction, finding the 2006 Stipulation was valid and the conditions to refile—that the Agency refuse to arbitrate—had not been met. *VanderLee v. U.S. Postal Serv.*, No. CH-0353-0658-1-2 (M.S.P.B. July 26, 2013) ("Initial Decision"). Ms. VanderLee filed a petition for review before a Board Panel. On July 14, 2014, the Board denied the petition, finding it lacked jurisdiction for the same reasons stated by the AJ. Ms. VanderLee appeals the Board's Final Order to this court.

## DISCUSSION

### I. Standard of Review and Jurisdiction

This court's "scope of . . . review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupport-

ed by substantial evidence." *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). The issue of Board jurisdiction is a question of law this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.,* 518 F.3d 905, 909 (Fed. Cir. 2008). This court is bound by the Board's jurisdictional factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.,* 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Ms. VanderLee bears the burden of demonstrating Board jurisdiction by a preponderance of [the] evidence. *Fields v. Dep't of Justice,* 452 F.3d 1297, 1302 (Fed. Cir. 2006)*;* 5 C.F.R. § 1201.56(a)(2)(i) (2013). "Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden." *Asberry v. U.S. Postal Serv.,* 692 F.2d 1378, 1380 (Fed. Cir. 1982).

## II. The Board Properly Found It Lacked Jurisdiction to Hear the Appeal

Ms. VanderLee has not met her burden to show Board jurisdiction. The Board held the 2006 Stipulation was valid and it precluded Ms. VanderLee from appealing to the Board because the Agency had not refused to arbitrate. This court addresses these holdings in turn.

### A. The Board's Finding the 2006 Stipulation Was Valid Is Supported by Substantial Evidence

Ms. VanderLee first contends the 2006 Stipulation was invalid because it equated to "[f]raud and misrepresentation on the part of the [A]gency to coerce an employee into a settlement agreement." Pet'r's Br. at 1 ¶ 3. She claims the Agency pressured her into signing the 2006 Stipulation because the Agency incorrectly told her she must "choose between proceeding with her Board appeal and proceeding with her grievance." Final Order at 4.

Ms. VanderLee has not cited any law or pointed to any record evidence demonstrating Agency fraud or misrepresentation. Her only contentions are factual, and this court must adhere to the Board's factual findings unless they are not supported by substantial evidence. *Bolton*, 154 F.3d at 1316. Though Ms. VanderLee points to a misstatement made by the Agency regarding her ability to pursue simultaneous actions in multiple fora, the Board correctly found this misstatement did not amount to fraud. Indeed, as the Board stated, Mrs. VanderLee "was represented by an attorney, was free to disagree with the challenged statement in the stipulation and refuse to withdraw the [B]oard appeal." Final Order at 5. Accordingly, Ms. VanderLee has not met her burden and the Board's conclusions were supported by substantial evidence.

### B. The Board's Finding that the Agency Did Not Abandon Arbitration Is Supported by Substantial Evidence

Ms. VanderLee also argues the required condition for refiling an appeal—that the Agency refuse to arbitrate—was met after the 2008 Settlement because her claim was not heard by an arbitrator. *See* Pet'r's Br. at 1 ¶ 2; *see also* Final Order at 3. She contends the 2008 Settlement was invalid because it was made without her approval and "made by the union where the union officers worked to the detriment of the employee." Pet'r's Br. at 1 ¶ 3.

The Board found Ms. VanderLee "has presented absolutely no evidence to support her allegation of [A]gency refusal." Initial Decision at 9. This finding is supported by substantial evidence. As the Board stated, "[t]he [2006 S]tipulation does not allow [Ms. VanderLee] to refile her appeal if her grievance does not go to arbitration *for any reason*." Final Order at 3 (emphasis added). Here, "[t]he grievance at issue . . . was settled by consent of the parties prior to arbitration." *Id.* at 4. Because "the [A]gency did not unilaterally refuse to arbitrate," *id.*, the conditions

for refiling the appeal were not met. The fact that Ms. VanderLee claims she had no knowledge of the settlement is immaterial. Indeed, as the Board stated, "the result of this case would be the same no matter when [Ms. VanderLee] received notice of the settlement because there simply was no refusal to arbitrate." *Id.* Ms. VanderLee is unable to show the Board lacked substantial evidence for this finding, and this court accordingly affirms its finding of no jurisdiction.

## CONCLUSION

Ms. VanderLee has failed to meet her burden of demonstrating the Board has jurisdiction over this case. *See Fields*, 452 F.3d at 1302. For the reasons set forth above, the decision of the Board is

## AFFIRMED

### COSTS

No Costs.